IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| CHARLTON WATSON §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§<br>RICK THALER, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | NO. 3-09-CV-1125-O |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Charlton Watson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2006, petitioner was convicted of evading arrest with a motor vehicle and aggravated robbery. Punishment was assessed at 20 years confinement and 50 years confinement, respectively. Both convictions were affirmed on direct appeal. *Watson v. State*, Nos. 05-06-00311-CR & 05-06-00312-CR, 2007 WL 867014 (Tex. App.--Dallas, Mar. 23, 2007, pet. ref'd). Petitioner also challenged his convictions on state collateral review. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Watson*, WR-71,539-01 & 71,539-02 (Tex. Crim. App. Apr. 29, 2009). Petitioner then filed this action in federal district court.

## II.

In multiple grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his convictions; (2) his convictions were the result of prosecutorial misconduct; and (3) he received ineffective assistance of counsel at trial and on appeal.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

## A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years in prison for evading arrest with a motor vehicle and 50 years in prison for aggravated robbery. His convictions were affirmed by the court of appeals on March 23, 2007. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 26, 2007. Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, his convictions became final on December 26, 2007-- 90 days after the Texas Court of Criminal Appeals denied review. *See Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *2 (N.D. Tex. May 10, 2005), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005), *COA denied*, No. 05-10959 (5th Cir. Mar. 30, 2007) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner challenged his evading arrest and aggravated robbery convictions in separate applications for state post-conviction relief. Both writs were filed on November 25, 2008, and were denied on April 29, 2009. A motion for reconsideration was filed on May 18, 2009, and was denied on May 20, 2009. Petitioner filed this action in federal court on June 8, 2009.

The AEDPA statute of limitations started to run on December 26, 2007, when petitioner's convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from November

25, 2008 until April 29, 2009, and from May 18, 2009 to May 20, 2009, a total of 159 days, while his state writs and a motion for reconsideration were pending.[1] Even allowing for this tolling period, petitioner filed his federal writ five days after the expiration of the one-year limitations period. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, petitioner's untimely writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Although the Texas rules prohibit the filing of motions for rehearing in state habeas cases, *see* TEX. R. APP. P. 79.2(d), the Fifth Circuit has held that the "AEDPA's one year statute of limitations is tolled during the period in which a Texas habeas petitioner *has filed* such a motion." *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (emphasis in original); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 878 (2003). However, tolling lasts "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." *Emerson*, 243 F.3d at 935.

DATED: January 4, 2010.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE